IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,095-01






EX PARTE BILLY DOYCE BECK, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-34,214-A IN THE 244TH DISTRICT COURT


FROM ECTOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to 15 months' state jail. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because counsel refused to answer questions
about the consequences of pleading guilty and that he, thus, did not have an understanding about his
"other options." He alleges that counsel threatened that she would tell the trial judge that he was
refusing to accept the plea offer unless he "hurried up" and made a decision. Applicant has alleged
facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex
parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional
facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997),
the trial court is the appropriate forum for findings of fact. The trial court may use any means set
out in Tex. Code Crim. Proc. art. 11.07, § 3(d) in that it shall order trial counsel to file an affidavit
responding to Applicant's allegations. In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial judge shall make findings as to whether Applicant was
admonished as to the consequences of his plea before he entered it. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing the
trial court's written admonishments, a copy of the plea agreement, Applicant's judicial confession
and waivers, all affidavits and interrogatories or the transcription of the court reporter's notes from
any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions
of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of
time shall be obtained from this Court. 


Filed: March 19, 2008

Do not publish